UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARK MELCHER, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3322 |
| ERICK KUNKEL, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff practices the Christian religion and has been attending all the Christian services offered at the Rushville Treatment and Detention Center, regardless of the specific Christian denomination. Two Christian services are presently available on a weekly basis: a Baptist service on Tuesday nights and a Mennonite service on Friday nights. Plaintiff had been attending both the Baptist and Mennonite services and had hoped to institute a third Christian service on Sundays.

However, the policy on attending religious services has been changed. Residents may now attend only one service per week. This policy was implemented for the stated purpose of providing all residents a reasonable opportunity to attend religious services in light of the growing population at the facility. However, liberally construing Plaintiff's allegations, plenty of room remains for residents in both weekly Christian services.

Plaintiff has a First Amendment right to practice his religion, subject to the legitimate penological interests of the detention facility. Maddox v. Love, 655 F.3d 709 (7th Cir. 2011); Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009). The Religious Land Use and Institutionalized Persons Act (RLUIPA) also protects an inmate's right to practice his religion, forbidding a substantial burden on that exercise unless the burden furthers a compelling government interest and is the least restrictive means of achieving that interest. 42 U.S.C. § 2000cc-1(a). Only injunctive relief is available under RLUIPA, not damages.

Liberally construing Plaintiff's allegations, Defendants' stated reason for the new restrictions are pretextual and the restrictions are unnecessary. Whether the restrictions are rationally supported

by legitimate goals or the least restrictive means of achieving those goals is a determination that must await a more developed record.

The case will therefore proceed against all Defendants except Sandra Simpson, the grievance officer. No constitutional claim arises from Simpson's denial of Plaintiff's challenge to the policy. Only those personally responsible for maintaining the policy can be liable. Johnson v. Snyder, 444 F.3d 579, 583-84 (7th Cir.2006)(liability under § 1983 requires personal involvement).

**IT IS ORDERED:**

1.   Pursuant to a review of the Complaint, the Court finds that Plaintiff states a First Amendment claim and a claim under the Religious Land Use and Institutionalized Persons Act arising from the refusal to allow Plaintiff to attend more than one Christian religious service per week. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.   This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before

filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

    4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.

Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. **If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

   **IT IS FURTHER ORDERED:**

   **1) Plaintiff's petition to proceed in forma pauperis is granted (d/e [2]);**

   **2) the Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED:   November 7, 2013

FOR THE COURT:

>       **s/Sue E. Myerscough**
> SUE E. MYERSCOUGH
> UNITED STATES DISTRICT JUDGE